```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ANDY MONPLAISIR,                                                       :
                                                                       :
                              Plaintiff,                               :
                                                                       :          24-cv-1882 (LJL)
        -v-                                                            :
                                                                       :              ORDER
CITY OF NEW YORK, DEPARTMENT OF FINANCE,                               :
et. al.,                                                               :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Andy Monplaisir has written the Court that he and his wife have filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 43.

Plaintiff's bankruptcy status alone does not prevent the litigation at hand from proceeding. "Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against 'the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case.'" *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (quoting 11 U.S.C. § 362(a)(1)). However, "the automatic stay is inapplicable to suits *by* the bankrupt 'debtor,' as he is now called." *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989); *see also Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) (per curiam) ("[T]he automatic stay is applicable only to proceedings 'against' the debtor."); *In re Berry Ests., Inc.*, 812 F.2d 67, 71 (2d Cir. 1987) (holding that the automatic stay did not apply to state court actions brought by the debtor); *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) ("Section 362 by its terms only stays

proceedings against the debtor.").

The Court has under consideration a motion by the Defendants to dismiss the complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. Nos. 23, 39.  The Court intends to decide that motion on the papers that have been submitted.  By no later than April 25, 2025, the parties shall inform the Court: (1) if they object to the Court deciding the pending motion while the bankruptcy case is proceeding; and (2) whether any party desires oral argument on the pending motion.

The Clerk of Court is respectfully directed to mail a copy of this order to the pro se Plaintiff at his last known address.

SO ORDERED.

Dated: April 16, 2025
      New York, New York

                                          LEWIS J. LIMAN
                                     United States District Judge