```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/18/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                            :

ANDY MONPLAISIR,

                Plaintiff,

                                                        24-cv-1882 (LJL)

        -v-

                                                             <u>ORDER</u>

CITY OF NEW YORK, DEPARTMENT OF FINANCE,
et. al.,

                Defendants.

-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Andy Monplaisir ("Plaintiff") has written the Court that he and his wife have filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 43. Defendants, the City of New York, Department of Finance, Sandip Desai, Robert Paskus, Matthew Visscher, Irina Voloshina, Joshua Hantman, and Ari Lieberman (collectively, "Defendants"), have also written confirming the existence of a bankruptcy petition and attaching the petition itself. Dkt. No. 45, 45-1.

      Upon the filing of a bankruptcy petition under Chapter 7, all legal or equitable interests of the debtor in property at the commencement of the case become property of the estate and must be asserted by the Trustee. *See* 11 U.S.C. § 541(a)(1); *In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir.1989). These interests include causes of action possessed by the debtor at the commencement of the bankruptcy case. *See Seward v. Devine*, 888 F.2d 957, 963 (2d Cir. 1989); *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003), *overruled on other grounds by Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017). As a general matter, the debtor himself loses standing, as "the trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of

action belonging to the estate." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing 11 U.S.C. § 323); *cf. Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (2d Cir. 1998) ("[W]e conclude that a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action. . . Although some courts of appeals have held that Chapter 7 debtors have no standing to pursue causes of actions that belong to the estate . . . we reach the contrary holding with respect to Chapter 13 debtors who pursue such causes of action."). Plaintiff suggests that the Trustee may have abandoned the claim, *see* Dkt. No. 46 at ECF p. 3, but a trustee may abandon property of the estate only after notice and a hearing in bankruptcy court. *See* 11 U.S.C. 554(a). Plaintiff has provided this Court no evidence that an abandonment has occurred.

Rule 17(a)(3) of the Federal Rules of Civil Procedure provides that the Court may not dismiss a case for failure to name the real party in interest until, after an objection, a reasonable time is allowed for the real party in interest to join or be substituted into the action. *See* Fed. R. Civ. P. 17. "The determination of what constitutes a reasonable time is left to the discretion of the court." *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 380 F.Supp.2d 243, 248 (S.D.N.Y.2005) (finding that the five months provided to plaintiffs to respond to defendant's Rule 17 objection was sufficient and plaintiffs' failure to do so until the eve of trial, after the deadline for discovery had passed, was prejudicial); *see also EMI Entm't World, Inc. v. Karen Records, Inc.*, 2013 WL 2480212, at *3 (S.D.N.Y. Jun. 10, 2013) (holding that plaintiff's counsel, alerted in April 2012 of the jurisdictional defect, did not join the parties in interest within a reasonable time after more than a year had elapsed); *Chrebet v. Cnty. of Nassau*, 2014 WL 1836835, at *21 (E.D.N.Y. May 8, 2014) ("Plaintiff's nearly two-year delay in seeking leave to amend, after having been specifically alerted to the standing defect by Defendants' Answer to the Complaint, does not constitute a 'reasonable time'"). "A Rule 17(a) substitution of plaintiffs should be liberally

allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Tr. Co.*, 410 F. Supp. 3d 662, 674 (S.D.N.Y. 2019) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). Accordingly, the Trustee will have until October 17, 2025 to join or be substituted into this action as the real party in interest. In the absence of a timely motion by the Trustee to join or be substituted into this action, the Court will entertain a motion by Defendants to dismiss for lack of standing and failure to prosecute. Plaintiff will have the opportunity to respond including by identifying whether there has been an abandonment properly made in the bankruptcy court.

Absent objection by the City filed no later than April 25, 2025, the Court will deem the pending motion to dismiss for failure to state a claim withdrawn without prejudice to renewal upon substitution of the Trustee or a determination that the case may be maintained by Plaintiff.

The Court understands Plaintiff's frustration and concern about the intrusion on his and his family's privacy resulting from Defendants' appending of his bankruptcy petition to their recent letter to the Court. However, bankruptcy filings are public records, with few exceptions. *See* 11 U.S.C. § 107; Fed. R. Bankr. P. 5003, 9037. Plaintiff's petition was filed on November 25, 2024 in the bankruptcy docket before the United States Bankruptcy Court for the Southern District of New York, Case No. 24-12033-mg, Dkt. No. 1. That docket is accessible to the public in the same way that this docket is accessible to the public: non-parties are free to access the Electronic Case Filing system and (generally) pay a nominal fee to see the underlying papers. Such is the norm unless good cause is shown to seal particular filings, but good cause is a relatively high bar. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (describing the presumption in favor of public access to judicial documents); Individual Practices in Civil Cases, Chambers of Lewis J. Liman, pp. 6, 16–17. When a document has

already long been filed on the docket, unsealed and available to the public, the Court cannot find that Plaintiff's privacy interests outweigh the presumptive right of public access to judicial documents. *United States v. Giffen*, 2004 WL 2750092, at *2 (S.D.N.Y. Dec. 2, 2004) ("The notion that this Court should seal a portion of its Memorandum and Order four months after it was publicly filed . . . is absurd. Such a sealing Order would be an exercise in futility."); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) ("Defendants have not identified a 'significant privacy interest[ ]' that would be implicated by disclosure of these names, which are already public and referenced throughout the parties' Summary Judgment Materials."). Accordingly, Plaintiff's request to seal the appended copy of his bankruptcy petition is denied.

The Clerk of Court is respectfully directed to close Dkt. Nos. 23, 39, and to mail a copy of this order to the pro se Plaintiff at his last known address. The City is directed to serve a copy of this Order on the Trustee in the bankruptcy case and to file proof of service on the docket.

SO ORDERED.

Dated: April 18, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge